**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000233
30-JAN-2025
08:09 AM
Dkt. 72 SO**

NO. CAAP-21-0000233

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DEUTSCHE BANK NATIONAL TRUST COMPANY AS INDENTURE TRUSTEE
FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-1,
MORTGAGE-BACKED NOTES, SERIES 2006-1, also known as "Deutsche
Bank National Trust Company, as Indenture Trustee for
American Home Mortgage Investment Trust 2006-1,"
Plaintiff/Counterclaim Defendant-Appellee, v.
PHILIP E. KOZMA, Defendant/Counterclaim Plaintiff-Appellant, and
E*TRADE BANK, THE ASSOCIATION OF OWNERS OF KAHALA KUA aka
KAHALA KUA COMMUNITY ASSOCIATION, Defendants-Appellees, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50 AND
DOE GOVERNMENTAL UNITS 1-50, Defendants-Appellees.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC101000686)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Defendant/Counterclaim Plaintiff-Appellant Philip E.

**Kozma** appeals from the Circuit Court of the First Circuit's

March 24, 2021 "Judgment Re: Findings of Fact, Conclusions of

Law and Order Granting Plaintiff/Counterclaim Defendant Deutsche

Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes, Series 2006-1's Motion for [(sic)] (1) for Summary Judgment as to the Complaint Filed Herein on March 31, 2010, and the Relief Requested Therein for a Decree of Foreclosure and Order of Sale, and (2) for Summary Judgment as to All Claims and Parties of the Counterclaim Filed Herein on December 22, 2020, Filed Herein on January 8, 2021" (**Judgment**).  Kozma also challenges various findings of fact (**FOF**) and conclusions of law (**COL**) in the "Findings of Fact, Conclusions of Law and Order Granting Plaintiff/Counterclaim Defendant['s]" Motion for Summary Judgment as to the Complaint and the Motion "for Summary Judgment as to All Claims and Parties of the Counterclaim" (**Order**) entered the same day.[1]

On appeal, Kozma's points of error[2] primarily challenge the circuit court's granting of summary judgment in favor of

---

[1]  The Honorable Jeffrey P. Crabtree presided.

[2]  Kozma's five points of error are as follows:

A. "The trial court reversibly erred in the following [FOF] on 24 March 2021 (11 RA 308), per Appendix 2, attached hereto and incorporated herein by reference for the full text thereof";

B. "The trial court erred in making the following [COL] on 24 March 2021 per Appendix 2 attached, which is found in 11 RA No. 308 and incorporated herein by reference";

(continued . . .)

Plaintiff/Counterclaim Defendant-Appellee **Deutsche Bank** National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-1, Mortgage-Backed Notes, Series 2006-1, also known as "Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-1."

As to the granting of summary judgment, Kozma contends the circuit court erred because (1) Deutsche Bank did not have standing, (2) the mortgage was not validly assigned, and (3) his

---

(. . . continued)

    C. "The court order granting Plaintiff Deutsche Bank's motion for summary judgment on the complaint and for summary judgment on Kozma's counterclaim is erroneous and found in 11 RA 308 filed 24 March 2021, also in Appendix 2 incorporated herein by reference. Also[,] the court failed to appoint a commissioner, so this is void";

    D. "The trial court erred in filing the judgment on 24 March 2021 in Appendix 1, which is found in 11 RA 310"; and

    E. "The trial court erred [in] denying Kozma's 31 March 2021 stay motion."

(Emphases omitted.) Regarding Points A and B, Kozma challenges various FOF and COL but provides no specific analysis to show the findings were clearly erroneous and the conclusions were wrong. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7). Thus, these points are waived.

We construe Points C and D as challenging the granting of summary judgment and address these two points in this summary disposition order.

Regarding Point E, Kozma did not appeal from the circuit court's May 7, 2021 order denying his motion to stay and states: "[t]his [i]ssue to be argued in a separate stay motion in this Court on appeal." HRAP Rule 3(c)(2). No motion for stay has been filed with this court. Thus, we do not reach this issue.

Finally, we note that the various subsections in Kozma's arguments section do not correspond with his points of error. Points not raised in compliance with HRAP Rule 28(b)(4) are deemed waived.

liability was discharged in bankruptcy court.  We review an award of summary judgment de novo.  <u>Bank of New York Mellon as Tr. for Certificate Holders of CWABS, Inc., Asset-Backed Certificates Series 2006-15 v. Larrua</u>, 150 Hawaiʻi 429, 438, 504 P.3d 1017, 1026 (App. 2022).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

**(1)**  Kozma claims Deutsche Bank did not have standing to foreclose because it was not the trustee of "any existing trust suing in a representative capacity."

The foreclosing party "must establish that it was the 'person entitled to enforce [the note]' as defined by [Hawaiʻi Revised Statutes (**HRS**)] § 490:3-301 at the time of the filing of the foreclosure complaint."  <u>U.S. Bank N.A. v. Mattos</u>, 140 Hawaiʻi 26, 33, 398 P.3d 615, 622 (2017) (citing <u>Bank of Am., N.A. v. Reyes-Toledo</u>, 139 Hawaiʻi 361, 369-70, 390 P.3d 1248, 1256-57 (2017)).  Thus, "where . . . standing is based on possession of a Note indorsed in blank, the admissible evidence must also show that the blank indorsement occurred before the initiation of the suit."  <u>U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Verhagen</u>, 149 Hawaiʻi 315, 328 n.11, 489 P.3d 419, 432 n.11 (2021).  A "[p]erson entitled to enforce

an instrument" is defined in relevant part as, "the holder of the instrument[.]"  HRS § 490:3-301 (2008).  When a note is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer or possession alone until specially indorsed."  Reyes-Toledo, 139 Hawaiʻi at 370, 390 P.3d at 1257; HRS § 490:3-205(b) (2008).  "The burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions."  Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 41, 414 P.3d 89, 93 (2018) (citations and internal quotation marks omitted).

Here, Deutsche Bank established it had standing. Deutsche Bank produced a declaration from Ronaldo **Reyes**, Vice President of Deutsche Bank and custodian of records for the American Home Mortgage Investment Trust 2006-1 (the **Trust**) and its indenture trustee Deutsche Bank, while the underlying case was pending in circuit court.  Reyes testified the **Note** and **Mortgage** originated before the complaint was filed, the Note was indorsed in blank, and the Note and Mortgage were "delivered and deposited with" Deutsche Bank on or before March 29, 2006 pursuant to a Mortgage Loan Purchase Agreement, which identified Deutsche Bank as the indenture trustee.  Deutsche Bank submitted corresponding documents supporting Reyes's testimony.

Deutsche Bank also provided a declaration from Derrick **Raleigh**, Senior Loan Analyst of Ocwen Financial Corporation,

"whose indirect subsidiary" was the Trust's current loan servicer, PHH Mortgage Corporation (**PHH**). Raleigh testified that PHH received and incorporated into its records: (1) a copy of the original Note indorsed in blank; (2) a copy of the recorded Mortgage; and (3) a chain of Mortgage assignments from the original loan servicer to Deutsche Bank that occurred before the complaint was filed, indicating Deutsche Bank possessed the Note and Mortgage before the lawsuit was initiated.

In sum, Deutsche Bank established it had standing to enforce the Note. HRS § 490:9-203(g) (2008) ("[t]he attachment of a security interest in a right to payment or performance secured by a security interest or other lien on personal or real property is also attachment of a security interest in the security interest, mortgage, or other lien"); see Reyes-Toledo, 139 Hawaiʻi at 371 n.17, 390 P.3d at 1258 n.17 (noting "the security follows the debt").

**(2)** Kozma also claims the mortgage was not validly assigned because American Home was in "Chapter 11" bankruptcy as of 2007.

Kozma however did not present evidence indicating the Note and Mortgage were part of the bankruptcy estate. See Wells Fargo Bank, N.A. v. Pasion, 135 Hawaiʻi 409, 353 P.3d 412, No. CAAP-12-00000657, 2015 WL 4067259, at *3 n.3, *4 (App. June 30, 2015) (SDO) (holding even if the court assumed the

bankruptcy involved the originating lender, nothing supported the arguments that the stay affected the originating lender or its nominee, or that the mortgagor's note and mortgage were included in the bankruptcy estate).

**(3)** Finally, Kozma claims his 2016 personal bankruptcy discharged his liability on the Note and deprived Deutsche Bank of standing to foreclose.

But Kozma's bankruptcy had no effect on Deutsche Bank's ability to foreclose. The bankruptcy order of discharge provided "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated[,]" and "[f]or example, a creditor may have the right to foreclose a home mortgage or repossess an automobile."

Based on the foregoing, we affirm the circuit court's March 24, 2021 Judgment and Order.

DATED: Honolulu, Hawaiʻi, January 30, 2025.

On the briefs:

R. Steven Geshell,
for Defendant/Counterclaim
Plaintiff-Appellant.

Jade Lynne Ching,
David A. Nakashima,
Ryan B. Kasten,
(Nakashima Ching),
for Plaintiff/Counterclaim
Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge